IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PATRICIA A. MEYERS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 09-579-JJF |
| | : | |
| DENNIS L. SMITH, SR. and | : | |
| HELEN S. STARCHIA, | : | |
| | : | |
| Defendants. | : | |

William J. Dunne, Esquire, Community Legal Aid Society, Inc., Wilmington, Delaware. Attorney for Plaintiff.

Dennis Lee Smith and Helen S. Starchia, Selbyville, Delaware. <u>Pro se</u> Defendants.

**<u>MEMORANDUM OPINION</u>**

August 25, 2009
Wilmington, Delaware

**Farnan, District Judge**

    Defendant Dennis Lee Smith ("Defendant") removed this case from The Chancery Court Of The State Of Delaware, In And For Sussex County ("Chancery Court") on August 6, 2009. (D.I. 1.) He appears pro se. For the reasons discussed below, the Court will summarily remand the case to State Court.

I.    **FACTUAL AND PROCEDURAL BACKGROUND**

    Defendant removed this matter from the Chancery Court pursuant to 28 U.S.C. § 1443(2) and § 1446. The Notice Of Removal states that this is a "'Removal - Action' Re; Cannot get a fair Trial in the de factor honorable court(s) of Delaware." (D.I. 1.) The underlying Chancery Court Case, No. 4739-MG, filed against Defendant and Helen S. Starchia ("Starchia"), alleges claims under Delaware law for breach of fiduciary duty, common law fraud, undue influence, and exploitation of an infirm adult. (D.I. 1.) It seeks an order rescinding a deed executed by Plaintiff Patricia A. Meyers ("Plaintiff") to Defendant and rescinding a deed executed by Defendant conveying Plaintiff's property to Starchia. It also seeks compensatory, punitive, and special damages. (Id.)

    Defendant notes that as of August 3, 2009, he had not been served with the verified Complaint in Case No. 4739-MG. He indicates that he will be served on August 5, 2009. Defendant asserts there has been a trick and/or scheme because a 2006

letter was not efiled or rejected in accordance with Delaware Court's Administrative Procedure and the "injustice" stopped Plaintiff, who is white, from winning a civil case with the assistance of Defendant, who is black.  The Notice Of Removal explains Defendant's personal and legal history with Plaintiff. Defendant contends that all legal issues with Plaintiff have been decided and that Plaintiff breached an agreement between them not to sue one another.  Defendant contends Plaintiff filed a fraudulent, unconstitutional, illegal and slanderous, hateful and racist verified complaint.

## II.  **LEGAL STANDARD**

The exercise of removal jurisdiction is governed by 28 U.S.C. § 1441(a) which states that, in order to remove a civil action from state court to federal court, a district court must have original jurisdiction either a federal question or diversity of citizenship.  28 U.S.C. §§ 1331, 1332, 1441(a).  The statute is strictly construed, requiring remand to state court if any doubt exists over whether removal was proper.  Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 104 (1941).  A court will remand a removed case "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c).  The party seeking removal bears the burden to establish federal jurisdiction.  Steel Valley Auth. v. Union Switch & Signal Div. Am. Standard, Inc., 809 F.2d 1006, 1010 (3d

3

Cir. 1987); Zoren v. Genesis Energy, L.P., 195 F. Supp. 2d 598, 602 (D. Del. 2002). In determining whether remand based on improper removal is appropriate, the Court "must focus on the plaintiff's complaint at the time the petition for removal was filed," and assume all factual allegations therein are true. Steel Valley Auth., 809 F.2d at 1010.

### III. REMOVAL

Defendant filed his Notice of Removal seeking removal pursuant to 28 U.S.C. § 1443(2) (i.e., civil rights cases) and § 1446 (i.e., procedure for removal). Section 1443(2) permits removal of a state court action "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443(2). Section 1443(2) pertains to removal by "federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." See City of Greenwood v. Peacock, 384 U.S. 808, 815 (1966) ("the history of § 1443(2) demonstrates convincingly that this subsection of the removal statute is available only to federal officers and to persons assisting such officers in the performance of their official duties.") Accordingly, individual petitioners, like Defendant, who are not federal officers or agents, have no right of removal under § 1443(2).

Additionally, this Court has no jurisdiction. As is evident from the Chancery Court Complaint, the parties are not diverse as all are located in Delaware. While the body of the Notice of Removal refers to 42 U.S.C. § 1981(b), the United States Court of Appeals for the Third Circuit has held that there is no implied cause of action under § 1981 which forbids discrimination on the basis of race in the making of public and private contracts. See McGovern v. City of Philadelphia, 554 F.3d 114 (3d Cir. 2009). Finally, while 28 U.S.C. § 1446 sets forth the procedure for removal, the Notice Of Removal does not explain why it is a basis for removal. It is clear from the face of the Notice Of Removal and the exhibits provided by Defendant that removal cannot be permitted. Therefore, the case will be summarily remanded.

## IV.  CONCLUSION

For the above reasons the Court will summarily remand the case to The Chancery Court Of The State Of Delaware, In And For Sussex County.

An appropriate Order will be entered.