IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PATRICIA A. MEYERS, | : |
| Plaintiff, | : |
| v. | : Civ. Action No. 09-579-JJF |
| DENNIS L. SMITH, SR., and HELEN S. STARCHIA, | : |
| Defendants. | : |

**MEMORANDUM ORDER**

I.  **BACKGROUND**

Defendants Dennis L. Smith ("Smith") and Helen S. Starchia ("Starchia") (collectively "Defendants"), who proceed pro se, filed a Motion To Reopen, which the Court construes as a Motion For Reconsideration. (D.I. 8.)  Smith removed this case from The Chancery Court of the State of Delaware, in and for Sussex County ("Chancery Court") on August 6, 2009.  (D.I. 1.)  On August 25, 2009, the Court remanded the case.  (D.I. 4.)  Defendants move for reconsideration of the remand Order.  (D.I. 8.)

II.  **STANDARD OF REVIEW**

The standard for obtaining relief under Rule 59(e) is difficult for Defendants to meet.  The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.  Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  A motion for reconsideration may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new

evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. See Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Brambles USA, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); See also D. Del. LR 7.1.5.

## III. DISCUSSION

Smith removed this matter from the Chancery Court pursuant to 28 U.S.C. § 1443(2) and § 1446. The underlying Chancery Court case alleges claims under Delaware law of breach of fiduciary duty, common law fraud, undue influence, and exploitation of an infirm adult, and seeks an order rescinding a deed executed by

Plaintiff Patricia A. Meyers ("Plaintiff") to Smith and rescinding a deed executed by Smith conveying Plaintiff's property to Starchia. Smith filed a Notice of Removal asserting a federal question, seeking removal pursuant to 28 U.S.C. § 1443(2) (i.e., civil rights cases) and § 1446 (i.e., procedure for removal).

The Court remanded the case based upon the inapplicability of § 1443(2) since Smith, who is not a federal officer or agent, has no right of removal under § 1443(2). It also found that it did not have jurisdiction as the parties are not diverse. The Notice of Removal alleges "injustice" because Plaintiff is white and Smith is black. The Court also incorrectly relied upon McGovern v. Philadelphia, 554 F.3d 114 (3d Cir. 2009) in remanding the case.[1] Regardless, Smith's general race discrimination allegations do not provide a basis for relief pursuant to § 1981.[2]

---

[1] McGovern held that § 1981 does not create an implied private right of action against state actors beyond that provided by 42 U.S.C. § 1983. It is inapplicable as none of the parties are state actors.

[2] Section 1981(a) provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. A claim under § 1981 is restricted by its language to discrimination based on race or color. Springer v. Seaman, 821 F.2d 871 (1st Cir. 1987) The statute defines "make and enforce contracts" to include "the making,

Defendants' Motion For Reconsideration references anew a number of federal criminal statutes as well as 42 U.S.C. § 1985(3).[3] To support reconsideration, the Motion refers to an appeal of Civ. No. 07-525-JJF, Smith v. Meyers, as pending before the United States Court of Appeals for the Third Circuit. Two appeals were filed in that case; Smith withdrew one appeal, and the other was ruled upon and rehearing denied. No. 08-2735 (July 2, 2008); No. 07-3999 (July 21, 2008). Neither is pending.

The Motion also contains confusing and conclusory claims ranging from retaliation, breach of contract, unconstitutional and illegal acts, criminal conspiracy, criminal design, commission of felonies, fraud, lies, misprision of felony, and

---

performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b).

To state a claim under 42 U.S.C. § 1981, a plaintiff is required to plead facts demonstrating that the plaintiff is member of a racial minority, that there was intent to discriminate on the basis of race by the defendant, and that discrimination concerned one or more of the activities enumerated in the statute. Hood v. New Jersey Dep't of Civil Serv., 680 F.2d 955, 959 (3d Cir. 1982); McDuffy v. Koval, 226 F. Supp. 2d 541, 550 (D. Del. 2002).

[3]To state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege: (1) a conspiracy; (2) that the conspiracy is motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States. See Lake v. Arnold, 112 F.3d 682, 685 (3d Cir. 1997).

racism.[4] The new theories raised by Defendants do not provide grounds for removal. As discussed in the Court's August 25, 2009 Opinion and Order, the claims at issue in the Chancery Court case are those where state law, not federal law, predominates. Hence, the matters should be decided by the State Court.

### IV. CONCLUSION

Defendants have not met the standards for reconsideration as they provide no valid reason for the Court to reconsider its August 25, 2009 Opinion and Order. There is no need to correct a clear error of law or fact or to prevent manifest injustice.

THEREFORE, IT IS ORDERED that the Motion for Reconsideration is **DENIED**. (D.I. 8.)

9-30-09
DATE

UNITED STATES DISTRICT JUDGE

---

[4] It may be that Smith and Starchia seek removal as an improper means to file a new civil action.

5